UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW ENTERPRISE, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>CHRYSLER GROUP LLC,<br><br>       Defendant. | Case No. 13-cv-04236-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE UNDER SEAL PORTIONS OF ITS AMENDED COMPLAINT** |

Before the Court is Plaintiff's administrative motion to file under seal portions of its Amended Complaint. (ECF 51) Plaintiff seeks to file portions of the document under seal because those portions reference information designated by Defendant as confidential in a concurrent pending state court case, *Zaheri et al. v. Chrysler Group LLC et al.*, 110-CV-188627. Plaintiff submits a single declaration in support of the requested sealing ("Kamarei Decl.," ECF 51-1), but this declaration does not articulate a compelling reason to seal the portions of the Amended Complaint. As such, the Court DENIES the administrative motion without prejudice, and grants leave to amend to supplement the declaration with necessary facts.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). This standard requires the party meet a lower burden, recognizing a lesser "cognizable public interest in . . . documents produced between private litigants." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009).

1   Though an Amended Complaint is neither a discovery document nor a dispositive motion, the Court believes its status more closely resembles that of a dispositive motion. Thus, a party seeking to seal portions of an Amended Complaint must show a compelling interest that outweighs the public's general right to inspect such documents.

In this case, Plaintiff files a single declaration with its administrative motion, which meets neither the good cause nor compelling interest standards. Plaintiff cites to no facts regarding why the information in question has been designated as confidential by the Defendant. (*See* Kamarei Decl. ¶ 2) The mere fact that the parties have designated information as confidential in another proceeding does not establish for the Court why such information should be sealed, overriding the public's general right to view the allegations of the Complaint.

Though the Court recognizes that the Plaintiff has filed a public, redacted version of the proposed Amended Complaint, and have narrowly tailored their request for sealing, they still must provide the Court *some* reason for the confidentiality of the documents, beyond simply designation by the parties. *Phillips*, 307 F.3d 1206, 1213.

Plaintiff's administrative motion is therefore DENIED, without prejudice.

**IT IS SO ORDERED.**

Dated: August 12, 2014

_____
BETH LABSON FREEMAN
United States District Judge

2