UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATHEW ENTERPRISE, INC., | Case No. 5:13-cv-04236-BLF |
| Plaintiff, | **ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| v. | |
| CHRYSLER GROUP, LLC, | **(Re: Docket No. 75)** |
| Defendant. | |

Plaintiff Mathew Enterprise, Inc. brings antitrust claims against Defendant Chrysler Group LLC, alleging that Chrysler favored two new surrounding auto dealers over it. Among the authorities cited by the parties in the present dispute is the French intellectual Voltaire. "[Our] species is so made that those who walk on the well-trodden path always throw stones at those who are showing a new road."[1]

The new road proposed by Chrysler is a protective order that would allow either party initially to "bulk designate" documents as "Attorney Eyes Only" during production. Chrysler represents that a substantial portion of the documents to be produced will qualify as AEO—financial statements, incentive payments, records and the like. The idea is to save the time and expense of a front-end confidentiality review of each and every document slated for production.

---

[1] Voltaire, Philosophical Dictionary, *Men of Letters* (Knopf, N.Y., 1924).

1

Chrysler would permit a number of procedures to mitigate the burden on a receiving party. Counsel could still render advice to her client relying on her review of AEO documents. Depositions attended by a party would be designated—if at all—with the less restrictive "Confidential" level of protection. Up to 150 documents could be submitted by the receiving party for individual review by the producing party. And nothing in this scheme would prohibit court challenges to AEO designations or keep the public from information otherwise suitable for general consumption, as the sealing procedures under Civ. L.R. 79-5 would remain in place.

MEI denies being any kind of stone thrower. While conceding that bulk designation of certain document categories might be reasonable, MEI maintains that the "blanket designation" that would result from Chrysler's specific proposal would merely and unfairly shift costs to a receiving party. These costs would arise largely from the need to disclose to opposing counsel when certain designated documents must be shared beyond outside counsel. MEI also notes that federal courts have generally entered protective orders permitting 100% of a document production to be labeled AEO only with the consent of all parties.[2]

Fed. R. Civ. P. 26(c) authorizes a court, based on a showing of good cause, to enter protective orders that "protect a party" from "undue burden or expense." District courts have broad discretion and flexibility in evaluating proposed protective orders.[3] On balance, Chrysler has shown good cause supporting its proposal.

*First*, nearly thirty years ago, the Ninth Circuit recognized that "the costs of discovery in [antitrust] actions are prohibitive."[4] Factor in the massive proliferation of electronically stored information in all cases since 1987—including antitrust cases—and "prohibitive" sounds almost

---

[2] *See, e.g.*, *Rec Solar Grade Silicon LLC v. Shaw Group, Inc.*, Case No. 09-cv-00188, 2011 U.S. Dist. LEXIS 51459, at *2 (E.D. Wash. May 13, 2011).

[3] *See Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002).

[4] *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

quaint. A back-end process like that proposed by Chrysler mitigates those costs by deferring the substantial component that is "eyes-on" confidentiality review and limiting it to a subset of the documents in the production stream.

*Second*, the benefits of a back-end process would likely be substantially reduced by a procedure like that offered by MEI, in which documents must still be categorized on the front end to qualify for bulk AEO designation.

*Third*, the parties appear to agree that the amount-in-controversy is about a million dollars, give or take. Eyes-on confidentiality review up front of every document slated for production could consume a meaningful percentage of that.[5]

*Fourth*, while "judicial records attached to dispositive motions" are presumptively public, mere "private materials unearthed during discovery" are not. "[R]estraints placed only upon the . . . use of information exchanged in discovery do not restrict 'a traditionally public source of information.'"[6] With Rule 79-5 in place, and in particular its requirements for securing court permission to seal documents, the public's rights to access case materials will be maintained. This is especially true here when the burden of substantiating an AEO designation remains on the producing party.

*Fifth*, it might turn out that the court's faith in the efficiency of Chrysler's proposal was misplaced. New approaches to discovery management rarely get it just right the first or even the second time. If down the road MEI can show that its fears about the unfair burden of Chrysler's approach were right, the court will happily consider a request for reconsideration. But fear alone should not discourage modest discovery innovations that might do some good.

---

[5] *Cf. FDIC v. Brudnicki*, 291 F.R.D. 669, 672-72 (N.D. Fla. 2013) (holding that blanket order would save "expense and time" that moving party "would incur if it was required to review each document line-by-line to identify and redact sensitive information.").

[6] *The Sedona Guidelines on Confidentiality & Public Access* (Mar. 2007), at 7 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)).

3
Case No. 5:14-cv-04236-BLF
ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER

SO ORDERED.

Dated: January 7, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge