UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW ENTERPRISE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRYSLER GROUP LLC,<br><br>    Defendant. | Case No. 13-cv-04236-BLF<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; (2) MODIFYING COURT'S PRIOR ORDER ON DEFENDANT'S MOTION TO DISMISS TO GRANT PLAINTIFF LEAVE TO AMEND**<br><br>[Re: ECF 89] |

"[A] trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment." *Meas v. City & Cnty. of San Francisco*, 681 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010).

Plaintiff has moved this Court to reconsider its January 12, 2015 Order granting with prejudice Defendant's motion to dismiss Plaintiff's rent discrimination claims under Section 2(a) of the Robinson-Patman Act ("RPA"), 15 U.S.C. § 13. *See* Order, ECF 85. Defendant opposes. For the reasons stated on the record at the May 21, 2015 hearing on the motion, and further discussed below, the Court GRANTS the motion for reconsideration. The Court further MODIFIES its dismissal of Plaintiff's RPA Section 2(a) rent discrimination claims to be **without prejudice**.[1]

Plaintiff's FAC alleged that Defendant violated Section 2(a) of the RPA by providing competing car dealerships with certain payments that were labeled as "rent assistance," but which actually served as disguised vehicle price reductions used either to decrease the purchase price of

---

[1] In its Dismissal Order, ECF 85, the Court noted in three places that its dismissal of Plaintiff's Section 2(a) claims was with prejudice: page 1 line 25, page 11 lines 4-5, and page 12 lines 23-24. This Order MODIFIES AND SUPERSEDES those portions of the Court's prior Dismissal Order.

1  vehicles or as compensation for promotional services or facilities. It alleged specifically that a
2  competing dealer, San Leandro CJDR, owned by an entity called Ytransport LLC/York Capital,
3  received one such disguised vehicle price reduction. In its motion to dismiss, Defendant asked the
4  Court to look to the plain language of the Framework Agreement entered into between York
5  Capital and Chrysler, which it contended offered rent assistance, but not vehicle price reductions,
6  to York Capital.

7  In support of its motion, Defendant made several representations to the Court that rent
8  assistance was *only* offered to York Capital on land directly leased from Chrysler Realty, *see, e.g.*,
9  Mot. at 14, and that dealers who operated on land that was not leased by Chrysler earned no such
10 incentives. *See, e.g.*, Reply at 10. Plaintiff now moves for reconsideration on the ground that it has
11 discovered, through documents produced in a related state court action, that Defendant's
12 representations were untrue, and that these rent incentive payments were offered to at least one
13 other York Capital-owned dealership that did not lease its property from Chrysler Realty. *See* Mot.
14 at 5; *see also* Norman Decl., 89-6 Exhs. A-C.

15 In this circuit, when a plaintiff and defendant propose two alternative explanations for a
16 course of action, the Court may dismiss Plaintiff's complaint when "defendant's plausible
17 alternative explanation is so convincing that plaintiff's explanation is implausible." *Starr v. Baca*,
18 652 F.3d 1202, 1216 (9th Cir. 2011). In engaging in this *Starr v. Baca* analysis in its Dismissal
19 Order, the Court relied on Defendant's representations that rent incentives were only offered to
20 dealerships that leased Chrysler-owned land. With this assurance, the Court interpreted the plain
21 language of the Framework Agreement and found that the rent incentives included in that
22 Agreement were directly related to the provision of realty, rendering Plaintiff's alternative
23 explanation – that the payments were disguised price discounts – implausible. *See* Order at 8-11.
24 The Court stated specifically that it was granting the motion with prejudice due to the "dearth of
25 factual allegations from Plaintiff to contest the plain language of that Agreement." *Id.* at 11.

26 Plaintiff's new evidence does not change the Court's determination as to its Dismissal
27 Order except that the Court finds it prudent to amend its dismissal of Plaintiff's Section 2(a)
28 claims to allow Plaintiff leave to amend to incorporate this new evidence. The prior Dismissal

Order, ECF 85, is otherwise unchanged because the Court had neither this evidence nor any factual pleading regarding this evidence before it when it decided the motion. The Court cannot yet determine whether Plaintiff can sufficiently allege facts regarding this new evidence to survive a motion to dismiss as to its Section 2(a) claims. But, given the Court's reliance on Defendant's representations in Defendant's motion papers and before the Court in oral argument, as well as the new evidence that Plaintiff has set forth, Plaintiff must be given the opportunity to amend.

The Court therefore GRANTS Plaintiff's motion for reconsideration, and HEREBY ORDERS that its dismissal of Plaintiff's RPA Section 2(a) rent discrimination claims is without prejudice. The Court makes no other changes to its January 12, 2015 Dismissal Order.

Plaintiff shall have until June 12, 2015 to file a second amended complaint. If Defendant again moves to dismiss Plaintiff's Section 2(a) claims, the motion and opposition shall be limited to ten (10) pages, while the reply will be limited to five (5) pages.

**IT IS SO ORDERED.**

Dated: May 21, 2015

_____
BETH LABSON FREEMAN
United States District Judge