United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MATTHEW ENTERPRISE, INC., | Case No.  13-cv-04236-BLF |
| Plaintiff, | |
| | **ORDER DENYING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO SERVE A SUPPLEMENTAL EXPERT REPORT AND EXTEND THE EXPERT DISCOVERY CUT-OFF** |
| v. | |
| CHRYSLER GROUP LLC, | [Re: ECF 154] |
| Defendant. | |

Pursuant to the case schedule, *see* ECF 127, Plaintiff's expert, Edward Stockton, filed an expert report, Defendant's expert, Glenn Woroch, filed an expert report, and Stockton filed a rebuttal expert report. *See* ECF 127. The case schedule does not contemplate supplemental reports but, nearly a month after receiving Plaintiff's rebuttal report, Defendant moves for leave to file a supplemental expert report pursuant to Federal Rules of Civil Procedure 26(a)(2)(E) and 26(e). ECF 154.

Rule 26(a)(2), which governs disclosure of expert testimony, requires supplementation "when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Rule 26(e) requires supplementation or correction "if the party learns that in some material respect the disclosure or response is *incomplete* or *incorrect*, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e) (emphasis added).

Defendant argues that the Stockton rebuttal report includes new analyses and opinions, including new regressions and a case study, that render Woroch's opinions incomplete. Mot. at 2.

Defendant seeks leave to file a supplemental export report to "respond to all of Stockton's analyses," Mot. at 3, that would be due more than a month after the current expert discovery cut-off and on the same day that the motions for summary judgment are due. The items identified by Defendant are: 1) opinions and analysis regarding the level of inter-brand and intra-brand competition among dealerships, including a regression analysis and an analysis of a Dodge dealership in 1999 South Florida; 2) opinions and analysis regarding what Stevens Creek's sales objectives would have been in the but-for world; 3) opinions and analysis regarding dealerships' cost-of-goods-sold; 4) analyses purporting to support Stockton's Gravity Model; 5) recalculation of claimed damages; and 6) opinion and analyses regarding diversion of sales. Mot. at 2.

Plaintiff opposes Defendant's request, arguing that Defendant fundamentally misinterprets the intent and scope of Rule 26(e). ECF 160, Opp. at 2. Plaintiff further offers a declaration by Stockton explaining that the rebuttal report does not include new opinions, but rather is limited to rebutting Woroch's opinions. *See* ECF 161, Stockton Dec. Plaintiff also argues that supplementation would unfairly prejudice Plaintiff by denying its right to full discovery and rebuttal of Defendant's expert opinions, requiring another round of depositions, or delaying resolution of its case without good cause.

Defendant relies on *Noffsinger v. Valspar Corp.*, No. 09 C 916, 2012 WL 5948929 (N.D. Ill. Nov. 27, 2012) for the proposition that new information warrants supplementation. In *Noffsinger*, plaintiff alleged that the defendant had caused him respiratory problems. After the defendant learned that the plaintiff had been smoking during the relevant time period, the court allowed the defendant to supplement its expert report under Rule 26(e). *Id.* at *1. That new fact stands in stark contrast to the "new information" challenged here, including a re-calculation of the same underlying lost profits number using an inflation-adjustor Defendant's own expert recommended. *See* Mot. at 2; *see also* ECF 156-13, Pl.'s Rebuttal Report ¶¶ 71-73.[1]

The Court finds that application of Rule 26(e) is not warranted in this circumstance. Rule

---

[1] The other case Defendant cites for this proposition, *Allen v. Dairy Farmers of America, Inc.,* No. 5:09-cv-230, 2013 WL 211303 (D. Vt. Jan. 18, 2013) , considered the permissibility of expert rebuttal, which is governed by a different rule than supplementation. See Fed. R. Civ. P. 26(a)(2)(D)(ii).

United States District Court
Northern District of California

26(e) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Minebea v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005). Defendant does not actually seek to correct inaccuracies in its expert report, nor to add newly discovered information; rather, Defendant wants to "respond" to what it characterizes as Stockton's "new" analyses, which include challenges to Woroch's methodology. *See* ECF 156-13, Rebuttal Report ¶¶ 32-35, 65-66.

Plaintiff correctly argues that allowing such supplementation could open the door to endless rounds of expert reports. *See, e.g., Beller v. United States,* 221 F.R.D. 696, 701 (D.N.M. 2003) (finding that allowing supplementation to "deepen and strengthen" a prior report would "create a system where . . . there would be no finality to expert reports"). The Court finds this specter particularly persuasive in light of Defendant's failure to identify the specific set of new opinions and analyses it hopes to supplement, much less provide the Court with a sense of the proposed supplementation.

Moreover, although Defendant purports to challenge six identified new opinions or analyses in the Stockton rebuttal report, it clearly seeks leave to file a complete do-over of the Woroch report without any limitation. *See* Mot. at 3. Such a *carte blanche* under the guise of Rule 26(e) is not warranted.

In light of Defendant's untethered request and the late stage of litigation, the Court finds that supplementation is not warranted. The Court does not determine whether or not each example Defendant provided constitutes new opinion or analysis. If Defendant believes that Plaintiff's Rebuttal Report surpassed the scope allowed for rebuttal, Defendant may move to strike those specific opinions.

**IT IS SO ORDERED.**


Dated: March 1, 2016

BETH LABSON FREEMAN
United States District Judge