UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW ENTERPRISE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRYSLER GROUP LLC,<br><br>    Defendant. | Case No. 13-cv-04236-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 201-214] |

Before the Court is Plaintiff's request to file under seal materials filed in support of Plaintiff's Opposition to Defendant's Motions for Summary Judgment and to Exclude Certain Opinions of Edward M. Stockton. Mot., ECF 201.[1] For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

I. **LEGAL STANDARD**

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal portions of documents: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions. *Id.* at 1179. Motions that are technically nondispositive may still require the party to meet the "compelling reasons" standard when the motion is more than tangentially related to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] The Court notes that Plaintiff also filed this motion at ECF 202-214, attaching a different set of exhibits that the motion seeks to file under seal to each docket entry. Notwithstanding this approach to filing, the Court considers the docket entries in combination as one motion.

1    Compelling reasons generally exist when the "'files might have become a vehicle for
2    improper purposes,' such as the use of records to gratify private spite, promote public scandal,
3    circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns,*
4    *Inc.*, 435 U.S. 589, 598 (1978)), or where court files may serve "as sources of business
5    information that might harm a litigant's competitive standing," *Nixon*, 435 U.S at 598-99. The
6    compelling reasons standard is invoked "even if the dispositive motion, or its attachments, were
7    previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331
8    F.3d at 1136).

9    In this district, parties seeking to seal judicial records must follow Civil Local Rule 79-5,
10   which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of
11   sealable material." Civil L.R. 79-5(b).  A party seeking to file a document, or portions thereof,
12   under seal must file a declaration establishing that the identified material is "sealable." *Id.* 79-
13   5(d)(1)(A).  Where the submitting party seeks to file under seal a document designated
14   confidential by another party, the burden of articulating compelling reasons for sealing is placed
15   on the designating party.  *Id.* 79-5(e). For any request that is denied because the party designating
16   a document as confidential or subject to a protective order has not provided sufficient reasons to
17   seal, the submitting party must file the unredacted (or lesser-redacted) documents in the public
18   record no earlier than 4 days and no later than 10 days from the filing of the sealing order.

19   **II.    DISCUSSION**

20   Because at least the Motion for Summary Judgment is more than tangentially related to the
21   merits of this case, the Court applies the compelling reasons standard. Plaintiff seeks to file the
22   following under seal because they contain sensitive and detailed information regarding pricing and
23   incentives for various dealerships: Exhibits 29 and 43, as well as portions of Exhibits 2, 4, 11, and
24   30 to the Norman Declaration. *See* Baker Decl. ¶¶ 3, 4, 6, ECF 201-1. Plaintiff additionally seeks
25   to seal the following because they contain information designated confidential by Defendant:
26   Exhibits 1, 3, 5-10, 12-28, and 31-42 to the Norman Declaration.

27   Pursuant to Rule 79-5, Defendant filed a declaration in support of sealing those exhibits.
28   Munkittrick Decl., ECF 215. Defendant explains that Exhibits 8 (at pages 143-44), 38, and 39

refer to and discuss sensitive and detailed financial and sales information, including earnings, expenses, profits, and sales performance, of Chrysler dealerships in the Bay Area. *Id.* ¶ 3. In addition, Plaintiff declares that Exhibit 15 includes operational and financial details of certain of Chrysler's incentive programs that, if disclosed, could be used to put Chrysler and its dealers at an unfair competitive advantage. *Id.* ¶ 5. Defendant offers no reasons to support the sealing of Exhibits 1, 3, 5-10, 12-14, 15-28, 31-37 or 40-42 ("Unsupported Exhibits"). *See id.*

With the exception of the requests to seal the Unsupported Exhibits, the Court finds that the requests are narrowly tailored, supported by the requisite declarations, and meet the compelling reasons standard. For the foregoing reasons, the Court GRANTS Plaintiff's request to seal all but the Unsupported Exhibits. The Court DENIES without prejudice the request to seal the Unsupported Exhibits. Defendant may submit additional declarations in support of the sealing motion by no later than June 6, 2016, at which point the Court will reconsider the motion. If no additional declaration is submitted, Defendant must file the Unsupported Exhibits in unredacted form.

Dated: June 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge