1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MATTHEW ENTERPRISE, INC., | Case No. 5:13-cv-04236-BLF |
| Plaintiff, | **OMNIBUS ORDER RE: MOTIONS TO SEAL** |
| v. | [Re:  ECF 257, 260, 261] |
| CHRYSLER GROUP LLC, | |
| Defendant. | |

Before the Court are three administrative motions to seal, one from Plaintiff Mathew Enterprise, Inc. alone and two filed jointly by Plaintiff and Defendant Chrysler Group LLC.  *See* Mots., ECF 257, 260, 261.  All three sealing motions relate to the parties' pretrial filings, including motions in limine and portions of their expert reports.  *See id.*  For the reasons stated below, the first motion, located at ECF 257, is GRANTED IN PART and DENIED IN PART.  The second motion, located at ECF 260, is a duplicate of the third motion, at ECF 261, and appears to have been filed in error.  The motion is DENIED AS MOOT.  The third motion, located at ECF 261, is GRANTED.

## I.     LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

United States District Court
Northern District of California

United States District Court
Northern District of California

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."  Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.    DISCUSSION

Because the parties' motions in limine are only tangentially related to the merits of the case, the Court applies the good cause standard.  With that standard in mind, the Court rules on the instant motions as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---------|----------------------|--------|-----------|
| 257-4 | Exhibit E to Munkittrick Decl. in support of Defendant's motions in limine | SEALED | Narrowly tailored to confidential business information. |
| 257-6 | Exhibit O to Munkittrick Decl. in support of Defendant's motions in limine | SEALED | Narrowly tailored to confidential business information. |
| 257-8 | Exhibit S to Munkittrick Decl. in support of Defendant's motions in limine | Substantive responses to interrogatories SEALED; interrogatories and objections UNSEALED. | Only sealed portions contain confidential business information. |

3

| 257-10 | Exhibit T to Munkittrick Decl. in support of Defendant's motions in limine | Pages<br><br>4:13 (address only), 5:24-6:8, 7:2-8:7, 8:13-9:4, 10:4-14:25, 17:2-19:25, 38:1-40:25<br><br>SEALED; remainder UNSEALED. | Only sealed portions contain confidential business information. |
|---|---|---|---|
| 257-12 | Exhibit U to Munkittrick Decl. in support of Defendant's motions in limine | SEALED | Narrowly tailored to confidential business information. |
| 261-15 | Expert report of Edward M. Stockton, M.S. ("Stockton Opening Report") | Designations highlighted in yellow SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |
| 261-16 | Tab 14 of the Stockton Opening Report | SEALED | Narrowly tailored to confidential business information. |
| 261-17 | Tab 15 of the Stockton Opening Report | SEALED | Narrowly tailored to confidential business information. |
| 261-18 | Tab 16 of the Stockton Opening Report | SEALED | Narrowly tailored to confidential business information. |
| 261-19 | Tab 21 of the Stockton Opening Report | SEALED | Narrowly tailored to confidential business information. |
| 261-20 | Tab 22 of the Stockton Opening Report | SEALED | Narrowly tailored to confidential business information. |
| 261-21 | Tab 23 of the Stockton Opening Report | SEALED | Narrowly tailored to confidential business information. |
| 261-22 | Tab 25 of the Stockton Opening Report | Designations highlighted in yellow SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |
| 261-23 | Tabs 26-27 of the Stockton Opening Report | Designations highlighted in yellow SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |
| 261-24 | Tab 29 of the Stockton Opening Report | Designations highlighted in yellow SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |
| 261-25 | Appendix to the Stockton Opening Report | Designations highlighted in yellow or outlined in red SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |
| 261-26 | Rebuttal expert report of Edward M. Stockton, M.S. ("Stockton Rebuttal Report") | Designations outlined in red SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |

| 261-27 | Tabs 9-25 of the Stockton Rebuttal Report | Designations outlined in red SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |
|---|---|---|---|
| 261-28 | Appendix to the Stockton Rebuttal Report | Designations outlined in red SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |
| 261-26 | Expert report of Glenn Woroch | Designations highlighted in yellow and exhibits 8, 9, and 11 SEALED; remainder UNSEALED. | Sealed portions contain confidential business information. |

**SO ORDERED.**

Dated: August 10, 2016

_____
BETH L. FREEMAN
United States District Judge