# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW ENTERPRISE, INC., <br>     Plaintiff, <br> v. <br> CHRYSLER GROUP LLC, <br>     Defendant. | Case No. 13-cv-04236-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REVISED MOTION TO STRIKE NEW WORK PROFFERED BY EDWARD M. STOCKTON** <br><br> [Re: ECF 179] |

The parties to this antitrust action have submitted expert reports on a schedule set forth in a case management order. *See* ECF 127. Defendant Chrysler now seeks to strike fourteen tabs and related opinions in Plaintiff's expert's Rebuttal Report for offering new evidence, analysis, and theories that exceed the proper scope of rebuttal. Plaintiff counters that each challenged tab directly responds to and properly rebuts an opinion offered by Defendant's expert Glenn Woroch. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.[1]

## I. BACKGROUND

Pursuant to the case schedule, Plaintiff Stevens Creek's expert Edward Stockton executed an expert report on October 30, 2015, *see* Stockton Initial Report ("Stockton") at 30, ECF 135-3; Chrysler's expert Dr. Woroch executed an expert report on December 22, 2015, *see* Woroch Report ("Woroch") at 55, ECF 156-11; and Mr. Stockton filed a rebuttal expert report on January 13, 2016, *see* Stockton Rebuttal Report ("Stockton Rebuttal") at 24, ECF 156-13. Defendant

---

[1] Defendant has separately moved to exclude certain of Mr. Stockton's opinions under Federal Rule of Evidence 702. *See* ECF 178. Therefore, the Court reserves any consideration of the arguments regarding reliability of Mr. Stockton's opinions for its order on that motion.

contends that fourteen of the tabs in Mr. Stockton's Rebuttal Report exceed the scope allowed for rebuttal.

On February 9, 2016, Defendant filed an administrative motion seeking leave to submit another report by Dr. Woroch to respond to the allegedly new opinions. ECF 154. Because Defendant failed to identify the opinions and analyses it hoped to supplement, much less provide a sense of the proposed supplementation, the Court denied this request for a *carte blanche* but stated that Defendant could file a motion to strike "specific opinions . . . Defendant believes . . . surpassed the scope allowed for rebuttal." *Id*. at 3. Defendant has now filed such a motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26, which governs parties' disclosure obligations, demands that parties "make [their] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(1)(D). Parties must accompany their disclosures of "the identity of any [expert] witness . . . [with] a written report" that "contain[s] (i) a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2).

"[W]hen a court's scheduling order allows rebuttal reports, a party may only submit an expert rebuttal 'if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party.'" *In re Asbestos Products Liab. Litig. (No. VI)*, No. 09-CV-74351X, 2012 WL 661673 at *1 (E.D. Pa. Feb. 8, 2012) (citing Fed. R. Civ. Pro. 26(a)(2)(c)); *see also Columbia Grain, Inc. v. Hinrichs Trading, LLC,* No. 3:14-CV-115-BLW, 2015 WL 6675538 at *2 (D. Idaho Oct. 30, 2015); *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2015 WL 5521986 at *3 (D. Or. Sept. 16, 2015). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Bowman v. Int'l Bus. Mach. Corp.*, No. 1:11-CV-0593-RLY-TAB, 2013 WL 1857192 at *7 (S.D. Ind. May 2, 2013) (quoting *Peals v. Terre Haute Police Dept*., 535 F.3d 621, 630 (7th Cir.2008)). As a result, "[r]ebuttal reports 'necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their responsive reports.'" *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd*., No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (quoting *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc*., 2010 WL

2

389444 (N.D. Ill. Sep. 30, 2010)).

However, "[r]ebuttal expert testimony is limited to 'new unforeseen facts brought out in the other side's case.'" *Columbia Grain,* 2015 WL 6675538 at *2 (quoting *Century Indem.,* 2015 WL 5521986 at *3). "Rebuttal testimony cannot be used to advance new arguments or new evidence," *id.* at *2, nor are they the place to "set forth an alternate theory." *R&O*, 2011 WL 2923703 at *5. "[S]imply because one method [to support an expert opinion] fails, the other does not become 'rebuttal.'" *Id.* (quoting *Morgan v. Commercial Union Assur. Cos.,* 606 F.2d at 555). In other words, "[a] rebuttal report is not the time to change methodologies to account for noted deficiencies; instead, it is to respond to criticisms of such methodologies." *Bowman*, 2013 WL 1857192 at *7.

A party that, without substantial justification, fails to disclose information as required by Rule 26(a) by, for example, exceeding the proper scope of rebuttal, may not "unless such failure is harmless, [] use as evidence at trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). "The sanction is *automatic and mandatory* unless the sanctioned party can show that its violation . . . was either justified or harmless." *R&O*, 2011 WL 2923703 at *3 (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)) (emphasis added).[2]

### III. DISCUSSION

Defendant seeks to strike fourteen of Mr. Stockton's Rebuttal Tabs and the opinions that relate to them for improperly introducing new arguments, evidence, and/or theories. Plaintiff responds that each challenged opinion directly rebuts Dr. Woroch's opinions. As a general matter, the Court notes that although Plaintiff accurately states that each of the contested tabs and related opinions is referenced in the main body of the Rebuttal Report as responsive to Dr. Woroch's Report, the Court does not find such a general statement sufficient. Therefore, the Court considers each challenged opinion and its supporting analysis in turn to determine whether each is, in fact, proper rebuttal.

---

[2] Defendant alternatively asks the Court to strike Mr. Stockton's rebuttal opinions as a violation of the scheduling order under Federal Rule of Civil Procedure 16(f)(1)(C). Because the Court applies Rule 37 where appropriate, the Court does not reach this request.

**A. Rebuttal Tab 3 and Related Opinions**

Defendant first asks the Court to strike Rebuttal Tab 3 and related opinions, asserting that Mr. Stockton defined "dealer area" using drive time for the first time there, having used a different definition in his Initial Report. Mot. at 7. Plaintiff responds that Mr. Stockton refers to this definition only to rebut an opinion offered by Dr. Woroch, not to replace Mr. Stockton's prior "containment area" analysis. Opp. at 6. Plaintiff additionally argues that Mr. Stockton first conducted and used the drive-time analysis in his Initial Report.

Having reviewed Mr. Stockton's deposition testimony and his reports, the Court agrees with Plaintiff. While Defendant asserts that Mr. Stockton admitted in his deposition that this definition is new, this argument misconstrues Mr. Stockton's testimony. *See* Stockton Depo. at 623:24-625:17 (testifying "I don't think [defining dealer area based on drive time] is new," "[c]ertainly the underlying data would be [in the Initial Report"), ECF171-4. Furthermore, turning to the reports themselves, the Court finds that this driver-time based definition of "dealer area" is not new: Mr. Stockton's Initial Report included a tab comparing "dealer area[s] based on drive time." *See* Stockton Tab 9 at 2, ECF 171-5. Rather, Defendant's argument appears to conflate two concepts Mr. Stockton defined differently in his Initial Report: "dealer area" and "containment area," *see* Stockton ¶ 23 & n.5.[3] Because Rebuttal Tab 3 does not offer new evidence or analysis, it does not exceed the proper scope of rebuttal. Accordingly, Defendant's Motion to Strike Rebuttal Tab 3 and related opinions is DENIED.

**B. Rebuttal Tab 6 and Related Opinions**

The Court next considers Defendant's Motion to Strike Rebuttal Tab 6, which presents a regression that Mr. Stockton admitted during his deposition "was not in the original report," *see* Stockton Depo at 578:18-20, but is offered to rebut Dr. Woroch's unequivocal conclusion that car companies do not engage in intra-brand competition. Opp. at 7.

The Court agrees with Plaintiff that Mr. Stockton did not discuss inter-brand competition in his Initial Report and Dr. Woroch's extreme position therefore reflected "new unforeseen facts

---

[3] The Court will not allow Mr. Stockton to substitute this "dealer area" for his "containment area" to support any of his opinions that were based on his "containment area."

4

brought out in the other side's case." *Columbia Grain,* 2015 WL 6675538 at *2 (quoting *Century Indem.,* 2015 WL 5521986 at *3). Therefore, Rebuttal Tab 6 and related opinions are properly offered "to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *See Bowman*, 2013 WL 1857192 at *7. Accordingly, the Court DENIES Defendant's Motion to Strike Rebuttal Tab 6 and related opinions.

### C. Rebuttal Tab 7 and Related Opinions

Defendant next seeks to strike Rebuttal Tab 7 and related opinions based on arguments that mirror those considered above for Rebuttal Tab 6: Defendant notes that Mr. Stockton admits that the analysis is "new . . . [and] didn't go into the affirmative report at all," *see* Stockton Depo. at 611:24-612:1, while Plaintiff responds that Mr. Stockton did not offer such analysis in his Initial Report because he "did not anticipate . . . that Dr. Woroch would question the entire concept of intra-brand competition." Opp. at 7. For the reasons stated above, the Court finds that Rebuttal Tab 7 and related opinions fall within the proper scope of rebuttal and Defendant's Motion to Strike Rebuttal Tab 7 and related opinions is therefore DENIED.

### D. Rebuttal Tab 10 and Related Opinions

Defendant next asks the Court to strike Mr. Stockton's but-for objectives, which Defendant contends appear for the first time in Rebuttal Tab 10 and related opinions. Mot. at 9. Defendant notes that Dr. Woroch highlighted in his report that "[n]either Stevens Creek nor Stockton [had] perform[ed] th[e] exercise" of proposing but-for objectives, *see* Woroch ¶ 36, and that Mr. Stockton admitted that he "didn't present alternative objectives" in his Initial Report, Stockton Depo. at 298:6-17. Plaintiff responds that Rebuttal Tab 10 does not offer "but for" objectives, but rather discusses sales objectives that Mr. Stockton previously analyzed in his Initial Report at Tabs 12 and 13 in order to rebut an opinion offered by Dr. Woroch. Opp. at 8.

Having reviewed the evidence, the Court agrees with Defendant. Rebuttal Tab 10, entitled "Sales Objectives Based on Various Adjustments," includes four estimates: "Actual," "Percent Change from Prior Year," "Fremont's Profile," and "FCA 10% -15% Reduction." No such estimates appear in Mr. Stockton's initial Tabs 12 and 13, which compare sales objectives to CJDR registrations and do not appear to contemplate "adjustments." *See* Tab 13 at 1, 6, Tab 12 at

5

2-3, ECF 171-6. Therefore, the Court finds that Rebuttal Tab 10 and related opinions are improperly offered to provide but-for objectives that Mr. Stockton failed to provide in his first report. Offering new argument based on new evidence in a rebuttal report is contrary to Rule 26's requirements. *See Columbia Grain,* 2015 WL 6675538 at *2-3 (responding to an identified omission with new work is not proper rebuttal). Because Plaintiff has not attempted to show that this violation was either justified or harmless, the Court imposes Rule 37's "automatic and mandatory" sanction, *see R&O,* 2011 WL 2923703 at *3, and GRANTS Defendant's Motion to Strike Rebuttal Tab 6 and related opinions.

### E. Rebuttal Tab 13 and Related Opinions

Defendant also seeks to strike Rebuttal Tab 13, which Defendant argues presents a new lost sales estimate considering, for the first time, Plaintiff's performance had it acted more reasonably. Mot. at 9-10. Plaintiff counters that the tab rebuts Dr. Woroch's assertions that Plaintiff could have met its objectives by applying Dr. Woroch's own methodology. Opp. at 8-9. Defendant correctly replies that the methodology Mr. Stockton applies is not, in fact, Dr. Woroch's methodology because Mr. Stockton uses a pre-period benchmark while Dr. Woroch used a post-period benchmark. *See* Stockton Rebuttal ¶¶ 43-44 (explaining that Dr. Woroch used a post-discrimination benchmark but Tab 13 applies a pre-discrimination benchmark); *see also* Woroch ¶ 91.

"[R]ebuttal witnesses [may] address the initial experts' assertions by questioning their assumptions and methods, not by presenting new facts." *Laflamme v. Safeway*, Inc., No. 3:09-CV-00514, 2010 WL 3522378, at *3 (D. Nev. Sept. 2, 2010). While Mr. Stockton's opinion that, applying Dr. Woroch's benchmark, "all of [Plaintiff's] objectives were unattainable," *see* Stockton Rebuttal ¶ 43, constitutes proper rebuttal, Mr. Stockton's analysis in Tab 13 applies a new methodology to answer a question that Dr. Woroch argued Mr. Stockton failed to address in his Initial Report. *See* Woroch ¶ 52. Therefore, Rebuttal Tab 13 and related opinions offer new argument based on new evidence, contrary to Rule 26's requirements. *See Columbia Grain,* 2015 WL 6675538 at *2-3. Because Plaintiff has not attempted to show that this was either justified or harmless, the Court imposes Rule 37's "automatic and mandatory" sanction, *see R&O*, 2011 WL

2923703 at *3, and GRANTS Defendant's Motion to Strike Rebuttal Tab 13 and related opinions.

### F. Rebuttal Tab 14 and Related Opinions

Next, Defendant asks the Court to strike Rebuttal Tab 14 for offering a new theory and analysis to show that Plaintiff's decision to raise prices was rational. Mot. at 10. Plaintiff responds that Rebuttal Tab 14 rebuts Dr. Woroch's opinion that Plaintiff acted irrationally. Plaintiff also argues that Mr. Stockton supported his opinion that Plaintiff acted rationally in ¶ 43 of his Initial Report. However, a review of Mr. Stockton's Initial Report shows that he based his opinion in ¶ 43 on an economic model, not the calculations provided in Rebuttal Tab 14. Furthermore, in his deposition, Mr. Stockton testified that the claim that Plaintiff "would have been irrational to continue to try to achieve its objectives" is "not one of my opinions." Stockton Depo. at 445:12-17.

Therefore, the Court agrees with Defendant. "[S]imply because one method [to support an expert opinion] fails, the other does not become 'rebuttal.'" *R&O*, 2011 WL 2923703 at *5. (quoting *Morgan v. Commercial Union Assur. Cos.,* 606 F.2d at 555). In other words, Mr. Stockton cannot offer new bases for an old opinion on rebuttal. Accordingly, the Court finds that inclusion of this opinion violated Rule 26. Because Plaintiff has not even attempted to show that this violation was either justified or harmless, the Court imposes Rule 37's "automatic and mandatory" sanction, *see R&O*, 2011 WL 2923703 at *3, and GRANTS Defendant's Motion to Strike Rebuttal Tab 14 and related opinions.

### G. Rebuttal Tab 15 and Related Opinions

Defendant also moves to strike Rebuttal Tab 15, which Plaintiff offers to show that surrounding dealers acted irrationally by continuing to try to meet their objectives. Mot. at 11. Plaintiff again responds that this tab rebuts Dr. Woroch's opinion that Plaintiff acted irrationally by raising its prices. As above, the Court finds that Mr. Stockton cannot offer new bases for an old opinion on rebuttal and therefore determines that Rebuttal Tab 15 violates Rule 26. Because Plaintiff has not attempted to show that this violation was either justified or harmless, the Court imposes Rule 37's "automatic and mandatory" sanction, *see R&O*, 2011 WL 2923703 at *3, and GRANTS Defendant's Motion to Strike Rebuttal Tab 15 and related opinions.

**H. Rebuttal Tab 16 and Related Opinions**

Defendant next moves to strike Rebuttal Tab 16 because it contains new evidence of Plaintiff's advertising expenses and inventory. Plaintiff responds that Mr. Stockton noted in his Initial Report that the alleged discrimination "*would* include cumulative aftereffects such as 'lost allocation,' and 'diminished motivation to advertise.'" Opp. at 11 (citing Stockton ¶ 66) (emphasis added). Plaintiff explains that Mr. Stockton corroborates these assumptions in Rebuttal Tab 16 to rebut Dr. Woroch's point that Mr. Stockton had not actually investigated the effects.

Plaintiff does not argue that Mr. Stockton had completed or offered this analysis in his Initial Report. To the contrary, in his initial deposition, Mr. Stockton agreed that he did not "know the level to which Stevens Creek reduced nonprice competition" and did not "find any specific promotion that was not run, any specific service that was not offered, [or] any specific employee that was not hired" as a result of the price discrimination. Stockton Depo. at 66:14-19, 67:11-14.

Therefore, the Court agrees with Defendant that Rebuttal Tab 16 and related opinions offer new argument based on new evidence, contrary to Rule 26's requirements. *See Columbia Grain,* 2015 WL 6675538 at *2-3. Because Plaintiff has not attempted to show that this violation was either justified or harmless, the Court imposes Rule 37's "automatic and mandatory" sanction, *see R&O,* 2011 WL 2923703 at *3, and GRANTS Defendant's Motion to Strike Rebuttal Tab 16 and related opinions.

**I. Rebuttal Tab 18 and Related Opinions**

Defendant moves to strike Rebuttal Tab 18 and related opinions for simulating predicted, rather than actual, sales for the first time and applying a new, smaller market definition. Mot. at 12. Plaintiff responds that Rebuttal Tab 18, which it concedes includes "minor distinctions and alternative presentations of the Stockton Initial Report analysis," is directly responsive to Dr. Woroch's assertion that Mr. Stockton's initial analysis provided a "false or unjustified validation" of Mr. Stockton's model. Opp. at 11.

With the exception of page 2 of Rebuttal Tab 18, the Court agrees with Defendant. Page 2, which Defendant characterizes as "a new analysis of the change in masses using a new market definition, based on a 25-mile containment area rather than a 50-mile containment area," Mot. at

United States District Court
Northern District of California

12, directly rebuts Dr. Woroch's contention that Mr. Stockton's gravity model falls apart when a smaller area is used, *see* Woroch ¶¶ 77-81. In contrast, the other challenged pages (1, 3-6) offer new analysis to support Plaintiff's model, untethered to deficiencies identified by Defendant. For example, page 1 applies Mr. Stockton's model using data from other dealers for the first time, but Dr. Woroch did not argue that the model fails to account for the experiences of other dealers. *See* Woroch Report ¶¶ 76-81. In other words, such analysis does not respond to Dr. Woroch; it simply bolsters Mr. Stockton's previous opinion using new evidence and analysis, which is improper for rebuttal. Again, Plaintiff does not argue that this violation is justified or harmless.

Accordingly, Defendant's Motion to Strike is DENIED for page 2 of Rebuttal Tab 18 and related opinions and GRANTED for pages 1 and 3-6 of Rebuttal Tab 18 and related opinions.

### J. Rebuttal Tab 19 and Related Opinions

Rebuttal Tab 19, the focus of Defendant's next challenge, applies Mr. Stockton's model to samples ranging in size from 10 to 730. Defendant contends that this analysis is new because it uses a different data set, while Plaintiff responds that it "reanalyz[es] the data with a smaller size" to directly rebut Dr. Woroch's opinion that a smaller sample would invalidate Mr. Stockton's model. Opp. at 12.

The Court agrees with Plaintiff. Rebuttal Tab 19 challenges Dr. Woroch's opinion by applying Plaintiff's prior methodology to smaller sample sizes and is therefore proper rebuttal. *See R&O*, 2011 WL 2923703 at *2 (quoting *Bone Care*, 2010 WL 389444) ("Rebuttal reports 'necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their responsive reports.'"). Accordingly, Defendant's Motion to Strike Rebuttal Tab 19 and related opinions is DENIED.

### K. Rebuttal Tab 21 and Related Opinions

Defendant next seeks to strike Rebuttal Tab 21 for presenting new analysis to support a new opinion that the nationwide market is more competitive now than it was in the 2000s. Mot. at 13. Plaintiff responds that this analysis directly rebuts Dr. Woroch's reliance on a study analyzing the market in 2004 and 2006. Opp. at 12; *see also* Woroch ¶ 26 & n.37.

Challenging the reasonableness of Dr. Woroch's authorities falls within the proper scope

of rebuttal because it is offered "to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *See Bowman*, 2013 WL 1857192, at *7 (S.D. Ind. 2013) (quoting *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir.2008)); *see also Laflamme*, 2010 WL 3522378 at *3. Accordingly, Defendant's Motion to Strike Rebuttal Tab 21 and related opinions is DENIED.

### L. Rebuttal Tab 23 and Related Opinions

Defendant seeks to strike Rebuttal Tab 23 and related opinions for presenting a new lost sales estimate using, for the first time, Plaintiff's post-discrimination mass. Plaintiff responds that this estimate rebuts Dr. Woroch's assertion that Mr. Stockton's lost sales analysis fails because it was benchmarked to the pre-discrimination period. Opp. at 13; *see also* Woroch ¶¶ 90-97.

The Court finds that, like Rebuttal Tab 19, Rebuttal Tab 23 challenges Dr. Woroch's opinion by suggesting that, even accepting Dr. Woroch's criticism, Mr. Stockton's analysis that lost sales resulted survives. *See R&O*, 2011 WL 2923703 at *2 (quoting *Bone Care*, 2010 WL 389444) ("Rebuttal reports 'necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their responsive reports.'"). Accordingly, Defendant's Motion to Strike Rebuttal Tab 23 and related opinions is DENIED.

### M. Rebuttal Tab 24 and Related Opinions

The parties' arguments regarding Rebuttal Tab 24 mirror those offered above for Rebuttal Tab 23: Defendant argues that Rebuttal Tab 24 does not contradict but instead applies Dr. Woroch's opinion that Plaintiff could have obtained its objectives in certain months, Mot. at 13, while Plaintiff responds that Rebuttal Tab 24 defuses the impact of Dr. Woroch's challenge to Mr. Stockton's damages calculation by establishing that damage resulted even if those months are excluded. As above, the Court finds that this properly rebuts Dr. Woroch's opinion and DENIES Defendant's Motion to Strike Rebuttal Tab 24 and related opinions.

### N. Rebuttal Tab 25 and Related Opinions

Finally, Defendant moves to strike Rebuttal Tab 25, which offers a chart that Mr. Stockton admits "was not in the original report" but "is rearranging work that was already done." Stockton Depo. at 551:2-5. Plaintiff responds that this tab supports an opinion offered in Mr. Stockton's

Initial Report and "seeks to reframe [the] diversion principle being ignored by Chrysler by break down further [sic] the previous analysis." Opp. at 15.

In other words, Plaintiff essentially concedes that Mr. Stockton is offering new evidence and analysis to support an argument previously made. Because "[a] rebuttal report is not the time to change methodologies to account for noted deficiencies," *Bowman,* 2013 WL 1857192 at *7, Rebuttal Tab 25 violates Rule 26. Because Plaintiff has not attempted to show that this violation was either justified or harmless, the Court imposes Rule 37's "automatic and mandatory" sanction, *see R&O,* 2011 WL 2923703 at *3, and GRANTS Defendant's Motion to Strike Rebuttal Tab 25 and related opinions.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Strike:

1. Rebuttal Tab 3 and Related Opinions is DENIED;
2. Rebuttal Tab 6 and Related Opinions is DENIED;
3. Rebuttal Tab 7 and Related Opinions is DENIED;
4. Rebuttal Tab 10 and Related Opinions is GRANTED;
5. Rebuttal Tab 13 and Related Opinions is GRANTED;
6. Rebuttal Tab 14 and Related Opinions is GRANTED;
7. Rebuttal Tab 15 and Related Opinions is GRANTED;
8. Rebuttal Tab 16 and Related Opinions is GRANTED;
9. Rebuttal Tab 18 and Related Opinions is GRANTED IN PART and DENIED IN PART;
10. Rebuttal Tab 19 and Related Opinions is DENIED;
11. Rebuttal Tab 21 and Related Opinions is DENIED;
12. Rebuttal Tab 23 and Related Opinions is DENIED;
13. Rebuttal Tab 24 and Related Opinions is DENIED;
14. Rebuttal Tab 25 and Related Opinions is GRANTED.

Dated: August 3, 2016

BETH LABSON FREEMAN
United States District Judge