UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MATHEW ENTERPRISE, INC.,

    Plaintiff,

    v.

CHRYSLER GROUP LLC,

    Defendant.

Case No. 13-cv-04236-BLF

**ORDER RE MOTIONS *IN LIMINE***

[Re: ECF 242, 243, 244, 246, 248, 249, 250, 251, 252]

Plaintiff Mathew Enterprise, Inc., a Chrysler, Jeep, Dodge, and Ram ("CJDR") dealer operating at Stevens Creek CJDR ("Stevens Creek") brings this action alleging that Defendant Chrysler Group LLC ("Chrysler") offered incentive payments to other CJDR dealers in Northern California but not to Stevens Creek in violation of § 2(a) of the Robinson-Patman Act ("RPA"). Stevens Creek initially brought four claims, but only the § 2(a) claim for damages remains. The Court held a pretrial conference on September 19, 2016, at which time it addressed a number of trial issues and heard argument on the parties' motions *in limine*. The Court hereby orders as follows:

**I. SCHEDULING**

Stevens Creek and Chrysler are each allotted a total of 18 hours of trial time, to include examination and cross-examination of witnesses and presentation of evidence. Each party will have an additional 45 minutes for opening statements and 90 minutes for closing arguments.

**II. JURY QUESTIONNAIRE**

The Court will allow the jury questionnaire as modified on the record. The parties are ORDERED to provide the Courtroom Deputy with a revised questionnaire on or before September 21, 2016. Each party will be allotted 30 minutes for *voir dire*.

### III. MOTIONS IN LIMINE

For the reasons explained below and on the record at the September 19, 2016 pretrial conference, the motions are decided as follows:

Stevens Creek's Motion *in Limine* No. 1: DENIED.

Stevens Creek's Motion *in Limine* No. 2: GRANTED IN PART AND DENIED IN PART.

Stevens Creek's Motion *in Limine* No. 3: DENIED.

Chrysler's Motion *in Limine* No. 1: DENIED.

Chrysler's Motion *in Limine* No. 2: GRANTED IN PART AND DEFERRED.

Chrysler's Motion *in Limine* No. 3: GRANTED IN PART AND DENIED IN PART.

Chrysler's Motion *in Limine* No. 4: DENIED.

Chrysler's Motion *in Limine* No. 5: GRANTED.

Chrysler's Motion *in Limine* No. 6: GRANTED.

#### A. Stevens Creek's Motions *In Limine*

##### i. Stevens Creek's Motion *in Limine* No. 1 to Exclude Evidence Relating to Events and Circumstances Outside the Price Discrimination Period. DENIED.

Stevens Creek moves "to exclude evidence of events that occurred and circumstances that existed outside the asserted Price Discrimination Period" ("PDP"). Pl.'s Mot. in Lim. No. 1, at 1, ECF 242. Plaintiff states that its "asserted period of price discrimination is the twelve month period from July 2012 through June 2013," and thus, evidence of events that occurred outside that period is irrelevant and inadmissible. *Id.* Stevens Creek further states that it does not object to the use of evidence from outside the relevant twelve month period "for the purpose of making a comparison to circumstances that existed during the PDP," but argues that "Chrysler has not offered any evidence that would support such comparison of the [relevant] exhibits and anticipated testimony to internet promotional activity during the PDP." *Id.* at 2. Accordingly, Stevens Creek contends that absent such an offer of proof, evidence of promotional activity outside of the PDP has no bearing on the case. *Id.*

Chrysler responds that evidence from events occurring prior to the PDP "is plainly relevant to show non-price competition during the relevant period." Def.'s Opp. to Pl.'s Mot. in Lim. No.

1, at 1, ECF 278. Chrysler contends that evidence from after the relevant period is relevant because (1) "a proper foundation has been laid to show that there has been no material change that could render the evidence not probative of the relevant period" and (2) in some cases, "it is the best available evidence to illuminate other aspects of non-price competition during the discrimination period, or the plausibility of Stevens Creek's claim that vehicles at the same model level (versus trim level) are of like grade and quality." *Id.* at 2.

The Court agrees with Chrysler and finds that this evidence is relevant to Chrysler's attempt to provide alternate reasons for any alleged diversion of sales, and is thus admissible. Accordingly, the Court DENIES Stevens Creek's motion *in limine* no. 1. The Court notes, however, that Defendant must lay a proper foundation before introducing this evidence.

      **ii.**    **Stevens Creek's Motion *in Limine* No. 2 to Exclude Evidence Relating to Yelp! Postings After 2013, Including Unsubstantiated Claims of Possible Manipulation of Yelp! Ratings in 2015.  GRANTED IN PART AND DENIED IN PART.**

Plaintiff seeks to exclude "evidence relating to Yelp! postings after 2013, including unsubstantiated claims of possible manipulation of Yelp! ratings in 2015" because it violates Federal Rules of Evidence 401, 402, and 403, and is inadmissible hearsay. Pl.'s Mot. in Lim. No. 2, at 1, 4, ECF 243. Plaintiff argues that the Yelp! evidence "has no demonstrable relation to pricing, negotiations, or consumer behavior during the asserted [relevant time period], [and] . . . is rank hearsay based on mere speculation built on inferences from anonymous online activity." *Id.* Plaintiff also argues that Chrysler has not demonstrated the evidence's "relevance to a disputed matter being tried in this matter or a proper purpose for this supposed evidence." *Id.* Additionally, Stevens Creek contends that "Chrysler intends to introduce this evidence to the jury for no other purpose than to paint Stevens Creek as generally a bad actor," and is thus inadmissible character evidence. *Id.* at 3.

Chrysler responds that the post-2013 Yelp! pages are "relevant to whether online reviews, and not price, impacted sales." Def.'s Opp. to Pl.'s Mot. in Lim. No. 2, at 1, ECF 279. Chrysler contends that the post-2013 "ratings are probative of [the] comparative performance of Stevens Creek and Fremont during the relevant period, because each dealership's performance [was]

3

nearly identical during and after the relevant period." *Id.* Chrysler also contends that Yelp! reviews are either not hearsay or fall under the present sense impression exception to the hearsay rule. *Id.* at 3. As to the Yelp! Consumer Alert, Chrysler argues that contrary to Plaintiff's claim, it can show that the "artificial positive reviews came from Stevens Creek." *Id.* at 4–5. Moreover, Defendant states that it will only use the alert to demonstrate Yelp's importance and to impeach claims by Mathew Zaheri, the owner and operator of Stevens Creek, regarding the importance of Yelp. *Id.* at 5.

The Court finds that the Yelp! pages and ratings are out of court statements, which, if being offered for the truth of the matter asserted, are inadmissible under Fed. R. Evid. 801. *Cameron v. Werner Enters., Inc.*, No. 12-cv-243, 2016 WL 3030181, at *3 (S.D. Miss. May 25, 2016). The Court disagrees with Chrysler's contention that the present sense impression exception to the rule against hearsay applies. The present sense impression exception applies to "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). At the pretrial conference, Defendant conceded that it did not have any evidence that the pages and ratings were made while or immediately after the declarant perceived it. Therefore, the exception cannot apply. Additionally, as discussed at the pretrial conference, anonymous internet reviews lack the requisite "circumstantial guarantees of trustworthiness" to fall under the residual exception to the rule against hearsay. *See* Fed. R. Evid. 807; *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, No. 08-00359, 2008 WL 5423191, at *4 (D. Hawai'i Dec. 31, 2008) ("[U]nder the cloak of anonymity, people will make outrageous, offensive, and even nonsensical statements."). Therefore, Defendant may not use the Yelp! pages and ratings as evidence of how Stevens Creek treats its customers. Defendant may, however, use the pages and ratings to show the effect on future customers.

Additionally, the Court finds that the evidence relating the Yelp! Consumer Alert has little probative value and is highly prejudicial to Stevens Creek. Thus, any evidence relating to the Consumer Alert is inadmissible pursuant to Fed. R. Evid. 403. However, the Court will allow the evidence if Plaintiff opens the door by referring to review manipulation.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Stevens Creek's

motion *in limine* no. 2 as set forth above.

> iii. **Stevens Creek's Motion *in Limine* No. 3 to Exclude Evidence of Alleged Irrational Behavior by Stevens Creek by Not Maintaining its New Vehicle Prices During the Price Discrimination Period.  DENIED.**

Stevens Creek moves to exclude evidence of its alleged irrational behavior, as demonstrated by it "not maintaining its new vehicle prices during the [PDP] when it received no incentives at the same levels as they were when it was receiving incentives from Chrysler." Pl.'s Mot. in Lim. No. 3, at 1, ECF 244.  According to Plaintiff, Chrysler seeks to introduce exhibits 289 and 290 entitled "Stevens Creek Acted Irrationally by Raising Price," which

> purport to show that a rational dealer would have ignored the increase in its cost of goods arising from the loss of the incentives and accepted lower profits on the vehicles it sold in the hope that it would eventually earn more profits from related sales of used vehicles, service and parts tied to the sale of new vehicles.

*Id.* at 2.  Stevens Creek contends that "[t]hese exhibits, and the testimony that Chrysler is expected to attempt to elicit regarding them, are solely for the purpose of influencing the jury to deny Stevens Creek damages . . . ." *Id.*  Thus, Plaintiff argues that "[b]ecause the victim of price discrimination has no duty to ignore its true cost of goods in competing with its favored competitors, this evidence should be excluded" under Fed. R. Evid. 401, 402, and 403.  *Id.*

Chrysler responds that the exhibits Stevens Creek seeks to exclude speak directly to causation and damages.  Def.'s Opp. to Pl.'s Mot. in Lim. No. 3, at 1, ECF 280.  Specifically, Defendant argues that if, as the exhibits attempt to show, "Stevens Creek would have avoided most of its losses simply by pricing as a rational profit-maximizing corporate actor, then Stevens Creek cannot show that price discrimination was a material cause of the losses."  *Id.* (emphasis omitted).  Chrysler also argues that "even if Stevens Creek can show causation, it would be appropriate for the jury to reduce any damages award to the amount a rational dealer would receive by mitigating its damages."  *Id.*  Thus, Chrysler contends the exhibits and related testimony are relevant.  *Id.*

The Court agrees with Defendant and finds that evidence relating whether Stevens Creek acted reasonably in its attempt to obtain any applicable discounts is relevant to damages, functional availability, and causation.  Accordingly, the Court DENIES Stevens Creek's motion *in*

*limine* no. 3.

### B.     Chrysler's Motions *In Limine*

#### i.     Chrysler's Motion *in Limine* No. 1 to Exclude Hearsay Evidence of Customer Purchasing Decisions.  DENIED.

Chrysler moves to exclude "trial testimony from Mr. Zaheri to show what customers did and why based solely on customers' unsworn out-of-court statements." Def.'s Mot. in Lim. No. 1, at 1, ECF 246.  Chrysler argues that "Mr. Zaheri's knowledge of diverted customers, if any, comes from either what customers told him or what his sales staff told him customers told him." *Id.* Chrysler contends that both amount to inadmissible hearsay and speculation that should be excluded. *Id.*  Defendant also argues that such evidence is not admissible under the "state of mind" hearsay exception because (1) "a customer using a supposed competing offer for negotiation purposes has nothing to do with a customer's motive for not purchasing from Stevens Creek"; (2) "it is not admissible for the fact of competing offers"; and (3) "it is not admissible as evidence of diversion." *Id.* at 2.

Stevens Creek responds that such evidence is "admissible in Robinson Patman Act cases, under Fed. R. Evid. 803(3), to show such customers' then-existing state of mind, including customer awareness of the asserted Favored Competitors being competitors of Stevens Creek and customer intent to make Stevens Creek aware that they knew of better prices to be had in the market." Pl.'s Opp. to Def.'s  Mot. in Lim. No. 1, at 1, ECF 281.  Plaintiff contends that "customers' state of mind regarding the existence and accessibility of competing Chrysler dealers" is relevant to showing "the existence of a competitive relationship." *Id.* at 3 (citation and internal quotation marks omitted).  Thus, Plaintiff argues that "Mr. Zaheri's observations of customer statements about competing dealers' prices during the PDP are [ ] relevant and admissible evidence on disputed issues of fact . . . ." *Id.* at 2.

The Court agrees with Stevens Creek and finds that the evidence at issue is admissible to establish the fact that Plaintiff was in competition with Fremont, but only as to Mr. Zaheri's personal observations, not as to what others recounted to him.  This is in accordance with *Zoslaw v. MCA Distrib Corp.*  594 F. Supp. 1022, 1035 (N.D. Cal. 1984) ("The hearsay rule does not

prevent [a customer's out of court statements] from being used . . . to prove that plaintiffs' customers were aware of a [competitor's] existence and wished to bring [the competitor] to [Plaintiff's] attention."). The evidence, however, is not admissible to prove that Stevens Creek's customers could buy vehicles for lower prices at Fremont than at Stevens Creek. *See id.* Accordingly, the Court DENIES Chrysler's motion *in limine* no. 1.[1]

        ii.    **Chrysler's Motion *in Limine* No. 2 to Exclude Non-Expert Sponsored Statistical, Economic, and Accounting Analysis. GRANTED IN PART AND DEFERRED IN PART.**

Defendant seeks to exclude lay opinion testimony "to show diversion, causation, price effects, and other subjects requiring qualified testimony." Def.'s Mot. in Lim. No. 2, at 1, ECF 248. Defendant asks the Court to exclude "[a]ll non-expert-sponsored testimony and exhibits including statistical, economic, or accounting analysis," because such evidence must be supported by expert-testimony. *Id.* Specifically, Defendant objects to the use of an exhibit drafted by a paralegal for Plaintiff's counsel. *Id.* at 2. Chrysler also asks the Court to exclude all third-party testimony opining "on the proper measure of profits, prices, and cost, and the impact of changes to a variable in a dealer's financials on those figures" for the same reason. *Id.* at 5. At issue is the testimony of Lisa Castro (Corporate Controller for Ytransport, which previously owned California Superstores San Leandro CJD), Drew Coronel (General Manager for Fremont Del Grande Inc.), Mark Normandin (Owner/Dealer Principal of Normandin's, Inc.), and Kent Putnam (Owner/Dealer Principal of Putnam Automotive, Inc.). *Id.* at 4–5.

Stevens Creek responds that the evidence Chrysler seeks to exclude is admissible under Federal Rule of Evidence 702 and 1006. Pl.'s Opp. to Def.'s Mot. in Lim. No. 2, at 1, ECF 283. According to Plaintiff, "Federal Rule of Evidence 1006 plainly authorizes the use of summaries, charts, and calculations 'to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.'" *Id.* Thus, "Chrysler's argument that calculations of voluminous data cannot be presented if 'not created, sponsored, and presented by a qualified expert' would render Fed. R. Evid. 1006 a nullity . . . ." *Id.* Plaintiff also argues that "the

---

[1] The Court invites a limiting instruction related to this evidence. Chrysler must file any such limiting instruction on or before September 26, 2016.

calculations will serve as foundation to ask percipient witnesses about dramatic sales shifts that are eviden[ced] by these calculations" and that expert testimony is unnecessary here. *Id.* at 2. Stevens Creek contends that it "should be permitted to review the[ ] calculations with appropriate witnesses in order to explore Chrysler's suggestion that there may be logical explanations for the[ ] dramatic sales shifts, other than price discrimination." *Id.* at 3. Finally, Plaintiff asks that the Court permit the third-party, non-expert testimony about the relationship between new vehicle prices and sales prices under Rule 701, because the witnesses are competent to testify on the issues. *Id.* at 4.

This first portion of this motion seeks to preclude Plaintiff from admitting the paralegal's chart into evidence. At the pretrial conference, Plaintiff confirmed that it will not seek to admit the chart into evidence, but rather, seeks to use it as a demonstrative. Thus, the Court GRANTS the motion to exclude admission of the chart and DEFERS on the issue as to whether the chart is a proper demonstrative to be used at trial.

The second portion of Defendant's motion seeks to preclude Plaintiff from using the aforementioned witnesses to give lay opinion testimony pursuant to Fed. R. Evid. 701. At the pretrial conference, Plaintiff stated that it did not disagree with Defendant as to Castro, but disagreed as to the remainder. Thus, the Court GRANTS Chrysler's motion as to Castro.[2] However, because the Court cannot properly assess the propriety of the testimony of the other individuals, who appear to have extensive experience as owners or general managers of their dealerships regarding pricing, without knowing the questions Plaintiff intends to ask, the Court DEFERS ruling on whether it would be proper for them to offer lay opinion testimony.

      **iii. Chrysler's Motion *in Limine* No. 3 to Exclude Evidence of Non-Price, Non-Fremont Related "Discrimination." GRANTED IN PART AND DENIED IN PART.**

Chrysler moves to exclude evidence of its own actions that are unrelated to the alleged price discrimination in favor of Fremont in July 2012, including evidence concerning (1) the operation of Chrysler's volume growth incentive program when San Leandro entered the market

---

[2] The Court does not, however, make a determination as to whether Castro or any other witness would be a proper fact witness.

8

in 2010; (2) any real-estate dealings and related litigation between Chrysler and Mr. Zaheri and speculation about retaliation; and (3) the operation of Chrysler's vehicle allocation system. Def.'s Mot. in Lim. No. 3, at 1, ECF 248. As to the first, Chrysler argues that Stevens Creek abandoned any claim of injury relating to San Leandro, and thus is inadmissible because it is irrelevant. *Id.* Chrysler also argues that "evidence of prior alleged discrimination—without any showing that such discrimination was itself unlawful—is unfairly prejudicial and needlessly confusing." *Id.* at 2. As to the second, Chrysler argues the evidence is not relevant because § 2(a) prohibits only price discrimination, not other forms of discrimination. *Id.* at 3. Thus, Chrysler argues that "evidence regarding granting Mr. Zaheri more dealerships, or other forms of non-price favoritism, is irrelevant." *Id.* Chrysler also contends that Stevens Creek cannot rely on this evidence to show discriminatory intent because intent is not an element of the alleged offense. *Id.* Finally, Chrysler argues that the Court should exclude evidence of Chrysler's vehicle allocation system because it is not relevant to Stevens Creek's claim. *Id.* Defendant bases its argument on Plaintiff's response to an Interrogatory that such information was "no longer relevant." *Id.*

Stevens Creek does not oppose Chrysler's motion as to evidence concerning San Leandro's 2010 entry, but does oppose the motion as to evidence concerning the real-estate dispute between Chrysler and Mr. Zaheri and the operation of Chrysler's vehicle allocation system. Pl.'s Opp. to Def.'s Mot. in Lim. No. 3, at 2, ECF 284. Plaintiff argues that it expects Chrysler to assert that it had legitimate business reasons for not reducing Stevens Creek's Volume Growth Program ("VGP") objectives upon Freemont's entry, and Plaintiff seeks to challenge that contention with evidence of the real-estate dispute and other evidence of Chrysler's animosity toward Mr. Zaheri. *Id.* Therefore, Stevens Creek argues that evidence of the real-estate dispute is relevant to "suggesting that [Chrysler's] so-called legitimate reasons are pretext" and "shows a pattern of Chrysler favoring [Fremont] over Zaheri and makes more probable the alleged fact that the disparate treatment of Stevens Creek . . . resulted from Chrysler's animosity toward Stevens Creek and Mr. Zaheri . . . ." *Id.* at 2, 4. Stevens Creek contends that evidence relating to the operation of Chrysler's vehicle allocation system is "relevant to the question of why Stevens Creek's sales have not fully recovered since the [PDP] ended." *Id.* at 2. Plaintiff argues that the

evidence is also relevant to the question of sales diversion. *Id.* at 4.

The Court rules on the evidence in turn. First, at the pretrial conference, Plaintiff reiterated that it did not object to the exclusion of evidence relating to the operation of Chrysler's volume growth incentive program when San Leandro entered the market in 2010. Accordingly, the Court GRANTS Defendant's motion on this issue.

Second, the Court agrees with Defendant and finds that evidence relating to any real-estate dealings and related litigation between Chrysler and Mr. Zaheri and speculation about retaliation is not relevant to any element of Plaintiff's claims. However, such evidence is relevant to rebutting Chrysler's claim that it had legitimate business reasons for not reducing Stevens Creek's VGP objectives. Accordingly, the Court DENIES Defendant's motion as to the real-estate dealings and related litigation, and will allow such evidence in rebuttal only if Defendant submits evidence that it acted reasonably in not reducing Plaintiff's VGP objectives.

Finally, the Court agrees with Defendant and finds that the operation of Chrysler's vehicle allocation system is inadmissible because Plaintiff failed to provide basic, relevant information in response to a properly propounded Interrogatory and failed to supplement its response. *See* Fed. R. Civ. Proc. 26, 37(c)(1). To allow such evidence would put Chrysler at an unfair disadvantage. Accordingly, the Court GRANTS Defendant's motion as to the operation of Chrysler's vehicle allocation system.

### iv. Chrysler's Motion *in Limine* No. 4 to Exclude Evidence that San Leandro, Normadin, and Putnam Were "Favored" Over Stevens Creek.  DENIED.

Chrysler seeks to exclude any evidence introduced for the purpose of showing that (1) San Leandro, Normadin, and Putnam were "favored" dealers ("Surrounding Dealers") or (2) Stevens Creek lost sales to any dealer or group of dealers that includes these three Surrounding Dealers. Def.'s Mot. in Lim. No. 4, at 1, ECF 250. According to Chrysler, Stevens Creek distinguishes the Surrounding Dealers "from one another only by pointing to their relative performance in the 12 months following Fremont's entry, which is precisely the wrong way to judge the availability of a seller's program." *Id.* Instead, Chrysler argues, "[t]he relevant legal question . . . is answered by the functional availability doctrine," which turns "on the reasonable administration of the

1    program" not the results of the competitive contest. *Id.* at 1–2.

2          Stevens Creek responds that the Surrounding Dealers were "favored purchasers" under § 2(a) of the Robinson-Patman Act, which defines a "favored purchaser" as one that purchased products from a seller for lower net prices than those paid by another purchaser in reasonably contemporaneous sales of products of like grade and quality. Pl.'s Opp. to Def.'s Mot. in Lim. No. 4, at 2, ECF 285. Plaintiff argues that "evidence in furtherance of Stevens' Creek contention that San Leandro, Normadin and Putnam were favored purchasers" during the relevant period is admissible because "the jury reasonably can find that Stevens Creek's higher objectives were not practically attainable by it, even though the other dealers were able to achieve their objectives during some of the months of the PDP." *Id.* at 3–4.

      The Court finds that because Defendant will rely on similar evidence to establish functional availability as to San Leandro, Normandin, and Putnam, Stevens Creek may properly use the evidence. Accordingly, the Court DENIES Chrysler's motion *in limine* no. 4.

      **v.    Chrysler's Motion *in Limine* No. 5 to Exclude Evidence Concerning Non-Surrounding Dealers. GRANTED.**

      Chrysler moves to exclude information about Chrysler dealerships other than Stevens Creek or Fremont (the "Subject Dealerships") or the other Chrysler dealerships in the relative vicinity of the Subject Dealerships (San Leandro, Stoneridge, Normandin, and Putnam, the "Surrounding Dealerships")—including those in Minnesota, Colorado, and Texas—because such evidence is not relevant and more prejudicial than probative. Def.'s Mot. in Lim. No. 5, at 2, ECF 251. Chrysler argues that "[i]n light of the dearth of information about Non-Surrounding Dealers, there is no basis for comparing their situations to those of Stevens Creek." *Id.* Chrysler further argues that a determination of whether adjustments received by the Non-Surrounding Dealers required Chrysler to grant an adjustment to Stevens Creek under the Robinson-Patman Act requires an analysis of dealer-specific issues, and because there is "no evidence that any of the Non-Surrounding Dealers faced the same individual circumstances as Stevens Creek" this evidence is "more likely to mislead or confuse than prove a relevant fact or proposition." *Id.* at 2–3.

11

Stevens Creek responds that "[t]his evidence is relevant to the issue of functional availability and, specifically, whether Chrysler fairly administered its Volume Growth Program as to Stevens Creek." Pl.'s Opp. to Def.'s Mot. in Lim. No. 5, at 2, ECF 286. Specifically, Plaintiff argues,

> Although Chrysler may have initially set the objectives for all existing dealers using the same formula, these objectives were often lowered based on the subjective judgment of Chrysler's Business Center and national Incentive Department representatives. As such, it has the tendency to make the alleged fact that Chrysler treated Stevens Creek unfairly by not adjusting its VGP objectives to account for Fremont's entry "more . . . probable than it would be without the evidence" and, therefore, should be admitted pursuant to Fed. R. Evid. 401 and 402.

*Id.* at 3

At the pretrial conference, Plaintiff stated that it wanted to use the evidence to demonstrate that Defendant lowered prices for dealers in other parts of the country that were facing the same or similar circumstances. It is clear to the Court that admission of this evidence would result in several mini trials regarding each of the out of state dealers. The Court finds that because Stevens Creek does not claim to compete with the Non-Surrounding Dealers, evidence concerning these dealers has little probative value and would be a waste of time, and should thus be excluded. *See* Fed. R. Evid. 403. Accordingly, the Court GRANTS Chrysler's motion *in limine* no. 5.

**vi.    Chrysler's Motion *in Limine* No. 6 to Exclude Testimony from Chrysler Employee Lauren Pryber.  GRANTED.**

Chrysler seeks to exclude the testimony of Chrysler employee Lauren Pryber, a manager in its vehicle ordering department. Def.'s Mot. in Lim. No. 6, at 1, ECF 252. Defendant contends that "Ms. Pryber's testimony may have been relevant to Stevens Creek's 'unfair allocation' claim under California state law, but it has dropped that claim." *Id.* Moreover, Chrysler argues that the only basis for Ms. Pryber's testimony is a "groundless theory Stevens Creek is precluded from introducing," namely the theory that "because of the way . . . Chrysler's allocation system works, reduced sales during the 'discrimination' period would result in a lower number of vehicles allocated to Stevens Creek in the next period, causing additional damages." *Id.* Thus, because this "residual effects" theory depends entirely on a fact Chrysler contends does not exist, Chrysler argues the rules preclude offering any evidence on the issue. *Id.* at 1–2. Chrysler also asks the

Court to exclude such evidence in light of Plaintiff's discovery positioning—*i.e.*, because Stevens Creek claimed that the information was not relevant. *Id.* at 2.

Stevens Creek "opposes exclusion of this evidence because it is relevant to the question of why Stevens Creek's sales have not fully recovered since the [PDP] ended." Pl.'s Opp. to Def.'s Mot. in Lim. No. 6, at 1, ECF 287. Stevens Creek offers the testimony "to show that Chrysler uses a dealer's historic sales rate to determine the number of new CJDR vehicles it is eligible to receive from Chrysler, and that, therefore, the significant decline in Stevens' Creek's sales during the [PDP] negatively affected its sales even after the price discrimination ended." *Id.* Plaintiff contends that this evidence is relevant to the question of sales diversion and to counter Chrysler's expected contention that, "because Stevens Creek's sales relative to the Favored Dealers' sales and to its expected sales did not return to their pre-PDP levels after the price discrimination ended, its sales losses during the PDP were caused by other factors." *Id.* at 1–2.

The Court GRANTS Chrysler's motion *in limine* no. 6 because Plaintiff failed to provide basic, relevant information in response to a properly propounded Interrogatory and failed to supplement its response. *See* Fed. R. Civ. Proc. 26, 37(c)(1).

### vii. Chrysler's Oral Motion to Preclude Stevens Creek from Using the Label "Price Discrimination Period." GRANTED.

At the pretrial hearing, Chrysler asked that the prejudicial label "price discrimination period" utilized by Stevens Creek throughout this case be excluded. Chrysler explained that price discrimination is the ultimate issue to be decided by the jury, and thus such a label to describe the period from July 2012 to June 2013 would unfairly influence the jury. Stevens Creek objected on the basis that Chrysler's proposal was confusing and unnecessary since the jury was going to be instructed that price discrimination is not per se illegal.

The Court agrees with Chrysler. Any labeling of a period of time as a "discrimination" period unfairly disadvantages Chrysler. Although Stevens Creek is free to argue to the jury that the time period was a price discrimination period, it may not refer to that one-year period as such when questioning witnesses. The Court adopts Chrysler's modified recommendation and will allow the parties to refer to the period from July 2012 to June 2013 and its preceding and

succeeding periods as follows: pre-entry period, entry period, and current period.

**IT IS SO ORDERED.**

Dated: September 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge